

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable H. E. Faubion
Assistant Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. 0-6926
Re: Authority of the Brazos
River Conservation and
Reclamation District to
execute a wildlife manage-
ment license on its lands
to the Game, Fish and Oyster
Commission of Texas.

We have received your letter of November 7, 1945,
which is quoted, in part, as follows:

"We will appreciate your opinion on the fol-
lowing question:

"Does the Brazos River Conservation and
Reclamation District have authority to execute
a wildlife management license on the lands it
owns on the Brazos River in Palo Pinto County,
by the terms of which it agrees to protect deer
for a period of five years? We are attaching a
mimeograph form of the type of management license
to which we refer.

"In view of the proximity of the open season
on deer in Palo Pinto County, we would appreciate
this opinion at your earliest convenience."

The Brazos River Conservation and Reclamation Dis-
trict is a State Agency created and employed by the State,
pursuant to the provisions of Section 59, Article 16, of the
State Constitution, to conserve and develop the waters of the
Brazos River and the land effected thereby. It is in the nature
of a quasi-public corporation, and being a component part of

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. E. Faubion - page 2

the State, it derives all of its powers and authority by
express delegation from the State. Like similar subordinate
state Agencies, it has only the powers and duties which are
clearly set forth and defined by the Constitution and Statutes
of the State. Title 128, ch. 8, Special Acts, page 536,
V. A. C. S.; Acts 1929, 41st Legislature, 2d C. S., Sp. L.
page 22, ch. 13, as amended; 37 Tex. Jur. 865, Lower Colorado
River Authority vs. McGraw, 125 Tex. 268; Crouch vs. Posey,
69 S. W. 1001; 37 Tex. Jur. 950, Sec. 81.

Although we are well aware of the worthiness of the
cause in this case, there is nothing in the language of the
Act establishing the Brazos River Conservation and Reclamation
District which either expressly or by clear implication author-
izes the proposed contract here. Whatever authority the Dis-
trict has to dispose of or burden its property is derived
from Section 12 of Title 128, Chap. 8, Vol. 21, Special Acts,
pp 536-546, V. A. C. S., as amended, which is set out in the
following language:

"Sec. 12. Nothing in this Act shall be con-
strued as authorizing the District, and it shall
not be authorized to mortgage, or otherwise en-
cumber any of its property of any kind, real, per-
sonal or mixed, or any interest therein, or to ac-
quire any such property or interest subject to a
mortgage or conditional sale, provided that this
section shall not be construed as preventing the
pledging of the revenue of the District as herein
authorized. Nothing in this Act shall be construed
as authorizing the sale, release or other disposition
of any such property or interest by the District,
or any receiver of any of the District property,
or through any court proceedings, or otherwise;
provided, however, that the District may sell for
cash any such property or interest in an aggregate
value not exceeding the sum of One Hundred Thousand
($100,000.00) Dollars in any one year if the Board
by affirmative vote of eleven of its members shall
have determined that the property or interest is not
necessary to the business of the District, and shall

have approved the terms of any such sale, it
being the intention of this Act that except by
sale as in this section expressly authorized, no
such property or interest shall ever come into
the ownership or control, directly or indirectly,
of any person, firm or corporation other than a
public authority created under the laws of the
State of Texas. All property of the District
shall be at all times exempted from forced sale,
and nothing in this Act contained shall authorize
the sale of any of the property of the District
under any judgment rendered in any suit and such
sales are hereby prohibited and forbidden."
(Emphasis added)

As seen from the underlined portion of the above
Section 12, the District is expressly limited and cannot
"encumber" its property. With respect to the nature of
your proposed contract, the great weight of authority in
other jurisdictions, and also that which we believe is
presently the law in the State of Texas, is adequately
stated by the Galveston Court of Civil Appeals in the case
of Anderson et ux v. Gipson, 144 S. W. 2nd 948 (1940), in
the following language:

"The rule laid down by the text writers
and supported by the great weight of authority
from other jurisdictions is that the right of
one person to hunt on premises owned and in the
possession of another may be acquired by a grant
or lease of hunting privileges, and that when so
granted it is not a mere license but is an in-
terest in the real estate in the nature of an
incorporeal hereditament, and that, as such, it
is within the statute of frauds and requires a
writing for its creation." Also see C. J. S. 4;
32 A. L. R. 1527; 17 Am. Jur. 927.

As it is our belief that the instrument you propose to execute comes within the determination of the foregoing authorities, such instrument would then amount to an encumbrance upon the property of the District, which is expressly forbidden by the language of the statute, supra. 42 C. J. S. 549; Bouvier's Law Dictionary, Vol. 2, p. 1530; Words and Phrases, Vol. 20, p. 605.

Further, in a former opinion of this department No. 0-1887, dated May 15, 1940, addressed to the Honorable Frank D. Quinn, it was held that the Brazos River Conservation and Reclamation District did not have the power to convey by deed a determinable fee interest in its lands to another state agency because the District had no power sufficiently specific to dispose of its property in such manner. Although the deed therein recited a consideration of "Ten Dollars and other good and valuable consideration," no actual cash consideration was to pass between the parties. The District did not have the power to dispose of its property by gift under those provisions of Section 12 of the Act, supra, reading as follows:

> ". . . . it being the intention of this Act that except by sale as in this section expressly authorized, no such property or interest shall ever come into the ownership or control, directly or indirectly, of any person, firm or corporation other than a public authority created under the laws of the State of Texas."

The opinion then concluded that those provisions of Section 12 regarding the value of property which may be sold for cash in any one year by an eleven member vote of the District provided the property is not necessary to the business of the District applied only to sales and not to gifts.

As your proposed contract here is not a sale within the above statutory provisions, and because it would result

Honorable H. E. Faubion - page 5

in an encumbrance upon the Districts' lands, it is not authorized by the provisions of Section 12 of the Act, supra, and we therefore answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore*

Robert L. Lattimore, Jr.,
Assistant

By *Jack K. Ayer*

Jack K. Ayer
R & E Assistant

DEC 7 1945

ASSISTANT
ATTORNEY GENERAL

JKA:zd